[Dkt. Nos. 10, 11]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| FLAVIA STOVALL,<br><br>            Plaintiff,<br><br>    v.<br><br>JAMES GRAZIOLI, et al.,<br><br>            Defendants. | Civil No. 16-4839 (RMB/KMW)<br><br>**OPINION** |

**RENÉE MARIE BUMB**, United States District Judge:

This matter comes before the Court upon motions to dismiss filed by defendants James Grazioli, Gilberto Velasquaz, Jeff Weisemann, Luis Perez, and the State of New Jersey, (collectively, the "State Defendants"),[Dkt. No. 10], and Louis Narvaez (collectively with the State Defendants, the "Defendants"), [Dkt. No. 11]. Both motions seek the dismissal of Plaintiff Flavia Stovall's (the "Plaintiff") Complaint in its entirety. The Defendants' motions will be GRANTED, and Plaintiff's Complaint will be dismissed, without prejudice.

Plaintiff Flavia Stovall is an African American woman who has been employed by the New Jersey Judiciary, Camden Vicinage (the "Camden Vicinage") since December 1998 and who was 59 years old at the time she filed this action. (Compl. ¶¶ 1, 26, 33).

Defendants in this action are her employer—the Camden Vicinage of the New Jersey Superior Court—and several of Plaintiff's current and former supervisors. This action is the latest in a long line of disputes between Plaintiff and her employers, including the Camden Vicinage. Plaintiff has sued the Camden Vicinage in state and federal Court on multiple occasions, and has likewise filed numerous internal complaints and EEOC complaints against it. (Id. ¶ 16-20).

Plaintiff, who at the time was proceeding pro se, filed her Complaint in this matter on August 9, 2016, bringing claims for (1) discrimination and retaliation in violation of 42 U.S.C. §§ 2000e, et seq. ("Title VII"); (2) discrimination and retaliation in violation of N.J.S.A. § 10:5-1., et seq. (the "NJLAD"); (3) "malicious acts"; (4) violation of the Equal Protection Clause of the Fourteenth Amendment—brought pursuant to 42 U.S.C. § 1983 ("Section 1983"); and (5) intentional infliction of emotional distress.

Defendants filed the currently pending motions on October 11, 2016. On November 3, 2016, Plaintiff filed a letter requesting an extension of her time to respond to Defendants' motions so that she could secure representation. [Dkt. No. 13]. On February 23, 2017, the Court entered an Order affording Plaintiff thirty days to secure counsel and administratively terminating the Defendants' motions to dismiss, among other

2

things. [Dkt. No. 14]. On March 23, 2017, Plaintiff filed a letter advising the Court that she had been unable to secure counsel and requesting that the Court grant her an additional sixty-day extension to prepare a pro se response to the pending motions. [Dkt. No. 15].

Plaintiff filed her opposition to the motions on May 30, 2017. Less than a month later, on June 19, 2017, Clifford G. Stewart entered his appearance as counsel on behalf of Plaintiff. [Dkt. No. 20]. On September 26, 2017, the Court reinstated the matter to its active docket and directed Plaintiff's counsel to advise whether he intended to supplement Plaintiff's pro se opposition to the currently pending motions. [Dkt. No. 22]. Counsel for Plaintiff did not respond to the Court's Order.

Because Plaintiff was proceeding pro se when she drafted the Complaint, the Court interprets it liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) ("[H]owever inartfully pleaded," the "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]"). This does not, however, absolve Plaintiff of the need to adhere to the Federal Rules of Civil Procedure. See, e.g., Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015)("a pro se

3

complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'"). Among other things, a pro se plaintiff's complaint must comply with Federal Rule of Civil Procedure 8.

Rule 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Each averment must be "simple, concise, and direct." Id. at 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996)(citation omitted). The purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Thus, a complaint which "is so verbose, confused and redundant that its true substance, if any, is well disguised," may be subject to dismissal. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008)

4

(quotation marks omitted); see also Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

Plaintiff's Complaint consists of 91 paragraphs—many of which contain subparagraphs—of single spaced text. In it, Plaintiff delves into minute details of dozens of interactions she had with several Defendants. Plaintiff's complaint reads more like a daily log of her issues with management than a short and plain statement of any grounds for legal relief. It is unclear from Plaintiff's excessively detailed Complaint what conduct, and by which Defendants, she alleges is legally actionable—i.e., discriminatory or retaliatory as opposed to simply rude or unfair—and what conduct is simply provided as background information. Moreover, Plaintiff refers often to her former suits and EEOC complaints in a manner that makes it unclear where this Complaint begins and those already concluded matters end. In the end, Plaintiff's Complaint is so "excessively voluminous and unfocused" that it "defies any attempt to meaningfully answer or plead to it." Binsack v. Lackawanna Cty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011). Accordingly, the Complaint will be dismissed, without prejudice.

Plaintiff will be afforded an opportunity to amend the Complaint, this time with the assistance of counsel.[1] Any amended

---

[1] The Court notes that in her opposition to Defendants' motions, Plaintiff concedes that her claims for "malicious acts" and

5

complaint should comport with Rule 8's requirement of "simple, concise, and direct" averments and need not delve into such explicit detail that it becomes overly burdensome for the Court or Defendants to determine the grounds on which Plaintiff seeks relief. Should she choose to amend and continue to pursue this matter, Plaintiff should focus on the facts that she believes give rise to a cause of action in <u>this</u> suit, specifically identifying which Defendants are alleged to have taken which acts and on what grounds those acts provide Plaintiff with an entitlement to relief.

An Order consistent with this Opinion shall issue on this date.

        s/ Renee Marie Bumb
RENÉE MARIE BUMB
United States District Judge

DATED: August 28, 2018

---

intentional infliction of emotional distress were improper. Accordingly, the Court anticipates that those claims will not be included in any amended complaint.