IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

FLAVIA STOVALL,

        Plaintiff,

   v.

JAMES GRAZIOLI, et al.,

        Defendants.

Civil No. 16-4839 (RMB/KMW)

**OPINION**

**RENÉE MARIE BUMB**, United States District Judge:

    This matter comes before the Court upon a Motion to Dismiss Plaintiff Flavia Stovall's Amended Complaint, filed by the office of the Attorney General of New Jersey, on behalf of all Defendants [Dkt. No. 11]. Plaintiff's Amended Complaint [Dkt. No. 29] attempts to assert discrimination claims under Title VII of the Civil Rights Act, the New Jersey Law Against Discrimination ("NJLAD"), and the Equal Protection Clause of the Fourteenth Amendment. This Court previously dismissed Plaintiff's initial Complaint, noting a failure to explain how the underlying conduct provides Plaintiff with an entitlement to relief. [See Dkt. Nos. 25, 26]. Upon Defendants' motion, the Court finds that Plaintiff's Amended Complaint fails to remedy the deficiencies outlined in the Court's prior Opinion.

Therefore, Defendants' Motion to Dismiss will be GRANTED and Plaintiff's Amended Complaint will be DISMISSED WITHOUT PREJUDICE.

I. **LEGAL STANDARD**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and

2

construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

II. **PROCEDURAL HISTORY & DISCUSSION**

Plaintiff Flavia Stovall is an African American woman who has been employed by the New Jersey Judiciary, Camden Vicinage (the "Camden Vicinage") since December 1998 and was 59 years old at the time she filed this action. See Am. Compl., at ¶ 4. As stated in her Amended Complaint, Defendants in this action are her employer (the Camden Vicinage) and two of her supervisors (Jeffrey Wiesemann and Luis Perez). Although two additional defendants are listed in the case caption (James Grazioli and Gilberto Velasquez), they are not listed as defendants in Plaintiff's Amended Complaint. See Am. Compl., at ¶¶ 5-7. This action is the latest in a long line of disputes between Plaintiff and her employers, including the Camden Vicinage. In addition to suing her employer in both state and federal court

on multiple occasions, Plaintiff has also filed numerous internal complaints and EEOC complaints against the Camden Vicinage. See Compl. ¶¶ 16-20.

Plaintiff, who at the time was proceeding pro se, filed her initial Complaint in this matter on August 9, 2016, bringing claims for (1) discrimination and retaliation in violation of 42 U.S.C. §§ 2000e, et seq. ("Title VII"); (2) discrimination and retaliation in violation of N.J.S.A. § 10:5-1., et seq. (the "NJLAD"); (3) "malicious acts"; (4) violation of the Equal Protection Clause of the Fourteenth Amendment—brought pursuant to 42 U.S.C. § 1983 ("Section 1983"); and (5) intentional infliction of emotional distress. In response, Defendants moved to dismiss Plaintiff's initial complaint. On June 19, 2017, while the first motions to dismiss were pending, Plaintiff retained Clifford G. Stewart as counsel.

Ultimately, on August 29, 2018, this Court dismissed Plaintiff's initial Complaint. Plaintiff's Complaint was construed liberally, because it was filed while Plaintiff was proceeding pro se, but the Court found that it failed to meet the basic pleading requirements under the Federal Rules of Civil Procedure. In relevant part, this Court stated:

> "Plaintiff's Complaint consists of 91 paragraphs—many of which contain subparagraphs—of single spaced text. In it, Plaintiff delves into minute details of dozens of interactions she had with several Defendants. Plaintiff's complaint reads more like a daily log of her

4

> issues with management than a short and plain statement of any grounds for legal relief. It is unclear from Plaintiff's excessively detailed Complaint what conduct, and by which Defendants, she alleges is legally actionable—i.e., discriminatory or retaliatory as opposed to simply rude or unfair—and what conduct is simply provided as background information. Moreover, Plaintiff refers often to her former suits and EEOC complaints in a manner that makes it unclear where this Complaint begins and those already concluded matters end. In the end, Plaintiff's Complaint is so "excessively voluminous and unfocused" that it "defies any attempt to meaningfully answer or plead to it." Binsack v. Lackawanna Cty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011). Accordingly, the Complaint will be dismissed, without prejudice.
>
> "Plaintiff will be afforded an opportunity to amend the Complaint, this time with the assistance of counsel. Any amended complaint should comport with Rule 8's requirement of "simple, concise, and direct" averments and need not delve into such explicit detail that it becomes overly burdensome for the Court or Defendants to determine the grounds on which Plaintiff seeks relief. Should she choose to amend and continue to pursue this matter, Plaintiff should focus on the facts that she believes give rise to a cause of action in <u>this</u> suit, specifically identifying which Defendants are alleged to have taken which acts and on what grounds those acts provide Plaintiff with an entitlement to relief."

[<u>See</u> Dkt. No. 25, at 5-6]. With the assistance of counsel, Plaintiff filed her Amended Complaint on September 28, 2018.

**III. DISCUSSION**

On November 14, 2018, Defendants filed a Motion to Dismiss the Amended Complaint, arguing that, once again, it fails to comply with the Court's pleading rules. <u>See</u> Defendants' Brief in Support of the Motion to Dismiss (the "MTD")[Dkt. No. 38-1], at 6. In relevant part, Defendants argue as follows:

5

> "Plaintiff's Amended Complaint may be an improvement on the initial Complaint in length, but it contains some of the same flaws as the initial Complaint in substance. Many of the paragraphs do not include dates -- making it impossible to identify incidents that may have occurred outside of the statute of limitations. (See, e.g., ¶¶ 9 and 10). Some paragraphs are not limited to a single set of circumstances, as required by Fed. R. Civ. P. 10.(See, e.g., ¶¶ 12, 20, 22 and 31). Many paragraphs contain general and conclusory statements only, with no specific facts to support them. (See, e.g., 16, 17, 18 and 31). Similar to the initial Complaint, the Amended Complaint does not identify conduct that may be legally actionable, as opposed to conduct that Plaintiff disagreed with or found to be rude. (See, e.g., ¶ 23; alleging that Plaintiff's work hours were changed)."

This Court agrees with Defendants. Indeed, the statement of facts in Plaintiff's Amended Complaint contains an extensive listing of occurrences in the workplace that Plaintiff found objectionable. See Am. Compl, at ¶¶ 10-38. Yet, conspicuously absent from the statement of facts is any specific allegation of discriminatory conduct linked to the allegedly objectionable occurrences.

Rather than alleging which specific actions were discriminatory in nature, Plaintiff makes broad and conclusory statements that she was discriminated against based on race, claiming that "[a] reasonable, African American women [sic] would find Defendant's actions hostile and abusive." Id. at ¶¶ 43, 48. Although Plaintiff does make some generalized allegations that her supervisor "singled out Plaintiff for mistreatment and did not treat white employees of the same title

6

as Plaintiff similarly," she does not provide any specifics, about when she was single out for mistreatment. See id. at ¶ 58. Without information about when conduct occurred, neither this Court nor Defendants can assess vital concerns, such as timeliness of the claims. As such, Plaintiff's Amended Complaint once again fails to meet the basic standards of notice pleading.

The Court will afford Plaintiff one further opportunity to amend her complaint to address the deficiencies outlined in Defendants' Motion to Dismiss. In doing so, the Court reminds Plaintiff that any amendment must include the approximate dates when alleged conduct occurred and provide context for how that conduct creates grounds for an entitlement to relief under the law.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss will be **GRANTED**. Accordingly, Plaintiff's Amended Complaint will be **DISMISSED WITHOUT PREJUDICE**. Plaintiff will be afforded thirty (30) days leave to amend her complaint. An Order consistent with this Opinion shall issue on this date.

DATED: June 10, 2019

                                          s/ Renee Marie Bumb
                                          RENÉE MARIE BUMB
                                          United States District Judge