**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

FLAVIA STOVALL,                         1:16-cv-4839-NLH-KMW

             Plaintiff,            **OPINION**

      v.

JAMES GRAZIOLI; GILBERTO
VELASQUEZ; JEFF WEISEMANN;
LUIS PEREZ; STATE OF NEW
JERSEY; and JOHN DOES 1-10,

            Defendants.

_____

**APPEARANCES**

CLIFFORD G. STEWART
LAW OFFICE OF C. GREGORY STEWART
535 THIRTEENTH AVENUE
NEWARK, NJ 07103

    _Counsel for Plaintiff._

AGNES IRENE RYMER
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

    _Counsel for Defendants._

**HILLMAN, District Judge**

    This employment discrimination action comes before the

Court on motion of all Defendants to dismiss Plaintiff's second

amended complaint (ECF No. 48) (the "Motion").  For the reasons

that follow, Defendants' Motion will be granted.

## BACKGROUND

The Court takes its facts, as best it can, from Plaintiff's second amended complaint.[1]

_____

[1] On August 29, 2018, Judge Renee Marie Bumb, the District Judge initially assigned to this matter, granted Defendants' motion to dismiss Plaintiff's initial complaint, finding, among other things, that the initial complaint failed to state a colorable claim under Rule 8(a):

> Plaintiff's complaint reads more like a daily log of her issues with management than a short and plain statement of any grounds for legal relief.  It is unclear from Plaintiff's excessively detailed Complaint what conduct, and by which Defendants, she alleges is legally actionable – i.e., discriminatory or retaliatory as opposed to simply rude or unfair – and what conduct is simply provided as background information.  Moreover, Plaintiff refers often to her former suits and EEOC complaints in a manner that makes it unclear where this Complaint begins and those already concluded matters end.  In the end, Plaintiff's Complaint is so "excessively voluminous and unfocused" that it "defies any attempt to meaningfully answer or plead to it." Binsack v. Lackawanna Cty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011).

Stovall v. Grazioli, No. CV 16-4839 (RMB/KMW), 2018 WL 4110925, at *2 (D.N.J. Aug. 29, 2018).  Judge Bumb granted Plaintiff an opportunity to amend, with the assistance of counsel, but cautioned that any amendment must comport with Rule 8's requirement of "simple, concise, and direct" averments and should "should focus on the facts that she believes give rise to a cause of action in this suit, specifically identifying which Defendants are alleged to have taken which acts and on what grounds those acts provide Plaintiff with an entitlement to relief." Id.

On September 28, 2018, Plaintiff filed a first amended complaint through counsel.  (ECF No. 29).  Defendants again moved to dismiss, arguing in part that Plaintiff's first amended complaint suffered from the same pleading deficiencies previously identified by Judge Bumb in dismissing Plaintiff's

initial pleading.  The Court agreed that Plaintiff failed to adequately re-plead:

> This Court agrees with Defendants.  Indeed, the statement of facts in Plaintiff's Amended Complaint contains an extensive listing of occurrences in the workplace that Plaintiff found objectionable.  _See_ Am. Compl, at ¶¶10-38.  Yet, conspicuously absent from the statement of facts is any specific allegation of discriminatory conduct linked to the allegedly objectionable occurrences.
>
> Rather than alleging which specific actions were discriminatory in nature, Plaintiff makes broad and conclusory statements that she was discriminated against based on race, claiming that "[a] reasonable, African American women [sic] would find Defendant's actions hostile and abusive." _Id._ at ¶¶43, 48. Although Plaintiff does make some generalized allegations that her supervisor "singled out Plaintiff for mistreatment and did not treat white employees of the same title as Plaintiff similarly," she does not provide any specifics, about when she was singled out for mistreatment.  _See id._ at ¶ 58.  Without information about when conduct occurred, neither this Court nor Defendants can assess vital concerns, such as timeliness of the claims. As such, Plaintiff's Amended Complaint once again fails to meet the basic standards of notice pleading.

_Stovall v. Grazioli_, No. CV 16-4839 (RMB/KMW), 2019 WL 2417497, at *3 (D.N.J. June 10, 2019).  The Court permitted Plaintiff "one further opportunity" to amend her complaint, but cautioned that "any amendment must include the approximate dates when alleged conduct occurred and provide context for how that conduct creates grounds for an entitlement to relief under the law." _Id._

While Plaintiff elected to file a second amended complaint, through counsel, she has failed to correct most, if not all, of the deficiencies identified by Judge Bumb.

Plaintiff is a 59-year-old[2] African American woman who was formerly employed by the New Jersey Judiciary's Camden Vicinage. (ECF No. 46 ("2AC") at ¶4).  During her employment, Plaintiff alleges she was "a target for abuse," was "insulted and humiliated," "embarrassed," and caused to feel "small."  (2AC at ¶¶14, 16, 38).  The incidents engendering such feelings were as follows:

- Supervisors disciplined Plaintiff for not answering inquiries from leadership in an appropriate manner (2AC at ¶15);

- Defendants disciplined Plaintiff to "openly terrorize her and create fear" for "allowing her staff to dress down" (2AC at ¶18);

- Defendants told Plaintiff she must report when she would be out of her office for extended periods of time without requiring others to follow similar rules, see (2AC at ¶¶21-23);

- Defendants identified Plaintiff as "you" but never by "her given name" despite referring to white female employees "by their given name" (2AC at ¶26);

- Plaintiff had her work schedule changed from 8am-4pm to 8:30am-4:30pm without explanation (2AC at ¶¶32-33);

- Defendants had Plaintiff and another employee "go through their files and look for [documents]" and asked another employee to help look through Plaintiff's files, which caused Plaintiff to be "horrified and utterly embarrassed" and Plaintiff

_____

[2] Plaintiff's initial complaint, filed in 2016, alleges she was 59 years old; the second amended complaint, filed two years later, also alleges Plaintiff is 59.  (2AC at ¶4).  Because the Court takes its facts from the second amended complaint, the Court will identify Plaintiff as 59 years old, but highlights the apparent factual discrepancy.

"felt so small because all of her employees were looking at her" (2AC at ¶¶36-37);

- Plaintiff "felt like" Defendants were "calling her a liar" at various points, causing Plaintiff to feel "insulted, embarrassed, and . . . so small" (2AC at ¶38);

- Plaintiff was disciplined for not following instructions from her supervisor which Plaintiff suggests is "unacceptable [business] behavior" (2AC at ¶46);

- Plaintiff received verbose instructions which made her feel like Defendants were "implying she was incompetent" (2AC at ¶50);

- Plaintiff was reprimanded for not reporting employees' late arrival, and she was "insulted" by Defendants' "questioning her honesty and accuracy of her reporting" (2AC at ¶52);

- Various other incidents that Plaintiff claims were "insulting and humiliating" see, e.g., (2AC at ¶¶53, 54, 55, 58, 61, 65).

Plaintiff alleges these incidents occurred because of her race and that Defendants' actions were taken intentionally and maliciously to discriminate against her. (2AC at ¶¶92-92). As a result, Plaintiff alleges Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") by "intentionally violat[ing] Plaintiff's right to be free from continuous abusive, offensive and humiliating actions and patterns of actions designed to intimidate, offend, insult, and humiliate her." (2AC at ¶95). Plaintiff also appears to allege – albeit imprecisely – that Defendants' actions were racially

5

motivated: "[t]he actions taken by Defendant denying Plaintiff, Ms. Stovall freedom from arbitrary and intentional, race-based five (5), ten (10) day and any other suspension without pay was done because of Plaintiff's race and because of her history of filing complaints of discrimination[.]" (2AC at ¶97). Plaintiff alleges further that "a reasonable African-American wom[a]n would find the actions of Defendants hostile and abusive." (2AC at ¶98).

On August 9, 2016, Plaintiff filed an initial complaint in this matter, *pro se*, advancing claims for (1) discrimination and retaliation in violation of Title VII; (2) discrimination and retaliation in violation of the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1., *et seq.* (the "NJLAD"); (3) "malicious acts"; (4) violations of the Equal Protection Clause of the Fourteenth Amendment, brought pursuant to 42 U.S.C. § 1983; and (5) intentional infliction of emotional distress. As explained in greater detail in footnote one, <u>supra</u>, Plaintiff's initial complaint was dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil procedure. Plaintiff subsequently filed a first amended complaint that was also dismissed under Rule 8(a).

On July 11, 2019, Plaintiff, through counsel, filed the operative second amended complaint, which Defendants now move to dismiss. The second amended complaint enumerates two causes of

action, both arising under Title VII: Count One advances

disparate treatment, hostile work environment, and race

discrimination claims, while Count Two advances retaliation

claims (2AC at 27-30).  The parties have fully briefed

Defendants' Motion and it is ripe for adjudication.

## DISCUSSION

I.   Subject Matter Jurisdiction

The Court exercises subject matter jurisdiction pursuant to

28 U.S.C. § 1331.

II.  Legal Standard

When considering a motion to dismiss a complaint for

failure to state a claim upon which relief can be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6), a court

must accept all well-pleaded allegations in the complaint as

true and view them in the light most favorable to the plaintiff.

Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well

settled that a pleading is sufficient if it contains "a short

and plain statement of the claim showing that the pleader is

entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not

necessary to plead evidence, and it is not necessary to plead

all the facts that serve as a basis for the claim.  Bogosian v.

Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However,

"[a]lthough the Federal Rules of Civil Procedure do not require

a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3, 104 S. Ct. 1723, 1725, 80 L. Ed. 2d 196 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 1958, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any

legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.

S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,
181 F.3d 410, 426 (3d Cir. 1999).  A court may consider,
however, "an undisputedly authentic document that a defendant
attaches as an exhibit to a motion to dismiss if the plaintiff's
claims are based on the document." Pension Benefit Guar. Corp.
v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.
1993).  If any other matters outside the pleadings are presented
to the court, and the court does not exclude those matters, a
Rule 12(b)(6) motion will be treated as a summary judgment
motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

   III. Defendants' Motion To Dismiss

    Defendants argue that Plaintiff's second amended complaint
must be dismissed because (1) the second amended complaint is
untimely;[3] (2) Plaintiff released all claims except a race
discrimination claim and harassment claim against the judiciary;
(3) Plaintiff failed to exhaust her administrative remedies and
otherwise fails to state a claim under Title VII; and (4) claims
against the individual defendants cannot stand under Title VII.

---

[3] Defendants are correct in their argument.  Plaintiff was given
a date-certain on which to file any amended complaint.
Plaintiff filed her second amended complaint after that
deadline.  Nonetheless, the Court elects to reach the merits of
Defendants' motion and will not address this argument further.

    a. <u>Plaintiff Agrees That Dismissal of Any Individual
      Defendants Is Warranted</u>

Defendants argue that the individual defendants must be
dismissed.  Plaintiff suggests that, despite identifying various
individual defendants in the caption of her complaint, she "did
not file allegations against individual defendants" (ECF No. 49-
1 ("Pl. Br.") at 16).  Indeed, Plaintiff represents "[t]he
Defendant is the New Jersey Judiciary.  There are no individual
Defendants."  (Pl. Br. at 6).

In light of Plaintiff's position, to the extent Plaintiff's
action can be read to include claims against individual
defendants, those claims will be dismissed, and all individual
defendants will be released from this action.

    b. <u>Dismissal For Lack Administrative Exhaustion Is Not
      Warranted</u>

Defendants argue, correctly, that Plaintiff has not alleged
in her second amended complaint that she exhausted her
administrative remedies before seeking judicial review of her
Title VII claims.  Defendants do recognize, however, that
Plaintiff filed a complaint with the Equal Employment
Opportunity Commission (EEOC) relating, at least in part, to the
allegations raised in this action.  For these reasons,
Defendants ask this Court to either dismiss this action entirely
or reduce the claims at issue to those pursued before the EEOC.

Plaintiff contends she exhausted her administrative remedies and may proceed with the second amended complaint as filed.

Before seeking judicial relief under Title VII, a plaintiff must exhaust all administrative remedies.  Kopko v. Lehigh Valley Health Network, 776 F. App'x 768, 773 (3d Cir. 2019) (citing Colgan v. Fisher Sci. Co., 935 F.2d 1407, 1414 (3d Cir. 1991); Richardson v. Miller, 446 F.2d 1247, 1248 (3d Cir. 1971)).  The test for determining whether a plaintiff has exhausted her administrative remedies, is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."  D'Ambrosio v. Cresthaven Nursing & Rehab. Ctr., No. 14-06541, 2016 WL 5329592, *6 (D.N.J. Sept. 22, 2016), aff'd sub nom. D'Ambrosio v. Crest Haven Nursing & Rehab. Ctr., 755 F. App'x 147 (3d Cir. 2018) (citing Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984) (per curiam); Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) ("Requiring a new EEOC filing for each and every discriminatory act would not serve the purposes of the statutory scheme where the later discriminatory acts fell squarely within the scope of the earlier EEOC complaint or investigation.")).  The Court's exhaustion analysis is not limited to the four corners of the administrative charge.  Kopko, 776 F. App'x at 773 (citing Waiters, 729 F.2d at 237).  "Rather, the legal analysis turns on whether the allegations in

12

the judicial complaint are reasonably related to those in the administrative charge." Id. (citing Hicks v. ABT Assocs., Inc., 572 F.2d 960, 967 (3d Cir. 1978); Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 399 (3d Cir. 1976)).

"After a plaintiff files an EEOC complaint, any subsequent Title VII claims are limited to those contained in [that] EEOC complaint." Rowan v. City of Bayonne, 474 F. App'x 875, 878 (3d Cir. 2012) (citing Hicks, 572 F.2d at 966). "A plaintiff's suit will not be barred for failure to exhaust administrative remedies if the 'core grievances' in the Title VII suit filed and the earlier EEOC complaint are the same." O'Leary v. Cty. of Salem Corr. Facility & Sheriff's Office, No. 15-03862, 2017 WL 4548264, *4 (D.N.J. Oct. 12, 2017) (citing D'Ambrosio, 2016 WL 5329592, at *6). The inquiry is whether the legal claims advanced can be fairly deemed to encompass the subsequent Title VII claims. Antol, 82 F.3d at 1291.

Plaintiff's EEOC intake questionnaire explains Plaintiff thought she was being discriminated against by Defendants on the bases of race, sex, and retaliation. (ECF No. 48-6 at 5). Elsewhere in the EEOC questionnaire, Plaintiff alleges she was discriminated against because she was the "only African American supervisor in the division." (ECF No. 48-6 at 5). In a third location in her EEOC complaint, Plaintiff also suggests she suffered from "retaliation, harassment, disparaging treatment,

13

[and] demeaning and belittling act[s]." <u>See</u> (ECF No. 48-6 at

5).  Plaintiff provides only a brief explanation for these

allegations on the face of her questionnaire, but suggests

additional allegations were provided through supplemental

submission or addendums.[4]

Plaintiff's EEOC questionnaire identifies acts that she

claims violated the law.  The first incident involved a

supervisor disciplining her for "fabricated" reasons, resulting

in unspecified "rights" being violated.  (ECF No. 48-6 at 5).

Another incident involved a supervisor "intentionally sen[ding]

[an] email to provoke a response so he can discipline

[Plaintiff]."  (ECF No. 48-6 at 5).  The EEOC investigated and

was unable to conclude that the information alleged constituted

a statutory violation.  (ECF No. 48-6 at 7).  Plaintiff was

issued a right to sue letter and advised of her suit rights.

(<u>Id.</u>).

Plaintiff's EEOC complaint – vague as it may be – suggests

a theory of workplace harassment, race and gender

discrimination, retaliation, and disparate treatment perpetrated

by her supervisors; these are the same core claims advanced in

---

[4] Plaintiff attaches to her opposition brief what appears to be
additional pages of her EEOC complaint that include more
substantive allegations of discrimination and harassment.  <u>See</u>
ECF No. 49-7.  The Court will, for purposes of this Opinion,
accept as true Plaintiff's representation that such facts were
presented to the EEOC.

this action.  See Antol, 82 F.3d at 1291.  As such, the Court

will not dismiss this action for failure to exhaust

administrative remedies.

       c.  Dismissal Based Upon A Separate Agreement Between The
          Parties Would Be Premature

Defendants argue that a settlement agreement entered into

between the parties in a separate dispute requires dismissal of

count two of Plaintiff's second amended complaint because

Plaintiff affirmatively waived that claim.[5]  (Def. Br. at 8).

Plaintiff argues it did not waive its claims against the

judiciary.  Setting aside the substance of the parties'

arguments, as a procedural matter, the Court finds that

consideration of the parties' settlement agreement at this

juncture would be inappropriate, and therefore, the Court will

not dismiss Plaintiff's action under Rule 12(b)(6) on this

basis.

Generally, when considering a motion to dismiss, the Court

may not consider "matters extraneous to the pleadings."  Crisdon

v. City of Camden, No. 11-cv-02087, 2012 WL 685874, at *2

(D.N.J. Mar. 2, 2012) (quoting In re Burlington Coat Factory

---

[5] Defendants also argue that this settlement agreement requires
dismissal of all claims brought against certain individual
defendants.  (Def. Br. at 8).  Because Plaintiff has knowingly
abandoned all claims against individual defendants, and because
the Court has already determined that such abandonment resolves
all claims against individual defendants, the Court need to
address this argument further.

Sec. Litig., 114 F.3d at 1426); Schmidt v. Skolas, 770 F.3d 241,
249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White
Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).
"However, an exception to the general rule is that a 'document
integral to or explicitly relied upon in the complaint' may be
considered 'without converting the motion [to dismiss] into one
for summary judgment.'"   In re Burlington Coat Factory
Securities Litig., 114 F.3d at 1426 (quoting Shaw v. Digital
Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).   Such
documents include "matters incorporated by reference or integral
to the claim, items subject to judicial notice, matters of
public record, orders, [and] items appearing in the record of
the case."   Crisdon, 2012 WL 685874, at *2 (quoting Buck v.
Hampton Twp. School Dist., 452 F.3d 256, 260 (3d Cir. 2006)).

     Defendants have not sufficiently explained how the
settlement agreement they rely upon is integral to Plaintiff's
second amended complaint or otherwise relied upon by Plaintiff
in advancing her claims.   As such, appropriate consideration of
the settlement agreement would require the Court to convert this
Motion to one for summary judgment – a step this Court finds
would be inappropriate under the circumstances.   While district
courts may exercise discretion and convert motions to dismiss
into motions for summary judgment where circumstances warrant
such action, (1) Defendants have not requested such

accommodation, and (2) the Court is not satisfied that Plaintiff received sufficient notice that conversion may occur.  See Renchenski v. Williams, 622 F.3d 315, 339–41 (3d Cir. 2010) (citing Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992)).  As such, the Court will not exercise its discretion to convert this motion to one for summary judgment and will not engage in an analysis of the settlement agreement at the current juncture.

> d. The Second Amended Complaint Fails To State Viable Title VII Claims

Defendants argue that dismissal is warranted because Plaintiff's second amended complaint, like her first two complaints, fails to state a claim upon which relief may be granted.  (Def. Br. at 16).  Defendants identify dozens of paragraphs in the second amended complaint they allege are "general and conclusory statements[,]" do not specify with any particularity when the fact alleged occurred, and otherwise so deficient as to deprive Defendants "of fair notice of the allegations asserted against them."  (Def. Br. at 17).

Plaintiff suggests she is advancing the following types of Title VII claims: (1) disparate treatment claims, (2) hostile work environment claims, (3) discrimination based on race claims, and (4) a retaliation claim. (ECF No. 49-1 at 18) ("Plaintiff sets forth facts which involve a claim of hostile work environment harassment based on race, a claim of disparate

17

treatment (wrongful disciple [sic]) and a claim of

retaliation.").  The Court addresses each in turn.

   1. Title VII – Race Discrimination & Disparate
      Treatment Based On Race

   Discrimination claims are governed by the burden-shifting

framework set forth in McDonnell Douglas Corp. v. Green, 411

U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  Makky v.

Chertoff, 541 F.3d 205, 214 (3d Cir. 2008); Leftwich v. Sec'y

United States Dep't of the Treasury, 741 F. App'x 879, 881 (3d

Cir. 2018).  "To state a prima facie claim of employment

discrimination under Title VII, a plaintiff must allege: (1)

membership in a protected class; (2) qualification for the

position sought to be retained or attained; (3) an adverse

employment action; and (4) that 'the action occurred under

circumstances that could give rise to an inference of

intentional discrimination.'"  Jean-Pierre v. Schwers, 682 F.

App'x 145, 147 (3d Cir. 2017) (quoting Makky, 541 F.3d at 214).

If Plaintiff makes that prima facie showing, "then an inference

of discriminatory motive arises and the burden shifts to the

defendant to articulate a legitimate, non-discriminatory reason

for the adverse employment action."  Makky, 541 F.3d at 214.  If

Defendants articulate such a reason, "the inference of

discrimination drops and the burden shifts back to the plaintiff

to show that the defendant's proffered reason is merely pretext

for intentional discrimination." Id.  "The primary focus is
ultimately on whether the employer treated some people less
favorably than others because of their race, color, religion,
gender, or national origin." Leftwich, 741 F. App'x at 881
(citing Sarullo v. U.S. Postal Serv., 352 F.3d 789, 798 (3d Cir.
2003)).

    Plaintiff fails to state a prima facie case for
discrimination or disparate treatment.  While Plaintiff alleges
she is African-American, she does not allege, with any sense of
clarity, facts suggesting she suffered some adverse employment
action occurring under circumstances that give rise to an
inference of intentional racial discrimination.  A review of
Plaintiff's allegations, as set forth in the bulleted list,
supra, instead reveal almost no discriminatory undertones.

    Where Plaintiff does make allegations regarding race
discrimination, they are sparse and conclusory.  See, e.g., (2AC
at ¶26) (Plaintiff alleges Defendants identified her as "you"
but never by "her given name" despite referring to white female
employees "by their given name").  Plaintiff argues only that
(1) she is an African American woman, and (2) "The actions taken
by Defendant denying Plaintiff, Ms. Stovall freedom from
arbitrary and intentional, race-based five (5), ten (10) day and
any other suspensions without pay was done because of
Plaintiff's race and because of her history of filing complaints

of discrimination against Finance Division management and her
opposition to inappropriate, unwarranted, unjust and
unauthorized management actions." (2AC at ¶¶ 4, 97, 103). Such
conclusory allegations are insufficient sustenance for Title VII
discrimination claims as, from these allegations, the Court
cannot reasonably infer liability. See Jean-Pierre, 682 F.
App'x at 147 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. 1937)
("A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged."). As such, Plaintiff's race discrimination claims and
disparate treatment claims will be dismissed.

### 2. Title VII – Hostile Work Environment

The elements of a hostile work environment claim brought
under Title VII are well established. A plaintiff seeking to
hold her employer liable must prove, as relevant here: (1) that
she suffered intentional discrimination because of her race; (2)
that the discrimination was pervasive and regular; (3) that the
discrimination detrimentally affected the plaintiff; (4) that
the discrimination would have detrimentally affected a
reasonable person of the same race as the plaintiff, in like
position; and (5) a basis for respondeat superior liability.
Page v. City of Pittsburgh, 114 F. App'x 52, 54 (3d Cir. 2004)
(citing Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir.

1999).  The Supreme Court has made clear that "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious)" are not actionable under Title VII.  Id. (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998).  "Instead, the harassing behavior must be 'sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment.'"  Id. (quoting Pennsylvania State Police v. Suders, 542 U.S. 129, 124 S. Ct. 2342, 2347, 159 L. Ed. 2d 204 (2004)); Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993) (distinguishing "physically threatening or humiliating" statements from "mere offensive utterance[s]").

As previously discussed, Plaintiff has not sufficiently alleged she suffered intentional discrimination because of her race.  As such, Plaintiff cannot state a *prima facie* hostile work environment claim based upon alleged racial discrimination. Similarly, to the extent Plaintiff alleges any racially motivated hostility, the facts she alleges (e.g., being called "you" as opposed to "Ms. Stoval"), are not sufficiently severe or pervasive to sustain liability.  See Harris, 510 U.S. at 23.

The Court pauses, however, to note that Plaintiff's second amended complaint could be read to advance more general, non-race based hostile work environment claims.  To the extent those claims are advanced, they too must be dismissed.  As explained

by the Supreme Court in Harris, merely offensive comments are
not actionable.  510 U.S. 17, 21, 23 ("mere utterance of an . .
. epithet which engenders offensive feelings in an employee,
does not sufficiently affect the conditions of employment to
implicate Title VII.") (internal quotation marks and citations
omitted); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S.
53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006) (quoting
Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 80,
118 S. Ct. 998, 140 L. Ed. 2d 201 (1998)) ("Title VII, we have
said, does not set forth 'a general civility code for the
American workplace.'").

     While Plaintiff alleges she was "insulted and humiliated,"
"embarrassed," and caused to feel "small[,]" (2AC at ¶¶14, 16,
38), she has not explained how those feelings entitle her to
prevail on Title VII claims.  For example, Plaintiff has not
explained how Defendants' comments affected her condition of
employment so significantly as to trigger Title VII's
protections.  While Plaintiff alleged, summarily, that a
"reasonable, African-American women would find the actions of
Defendants hostile and abusive[,]" she does not allege which
actions would be so.  Having reviewed the second amended
complaint, the Court finds, as a matter of law, all pled
circumstances are of the type Harris holds not actionable under
Title VII.  As such, to the extent Plaintiff's complaint could

be read to advance more general, non-race based hostile work
environment claims, they too will be dismissed.

### 3. Title VII – Retaliation

A plaintiff seeking to establish a *prima facie* case of
retaliation under Title VII must show: (1) that she engaged in a
protected activity, which can include informal protests of
discriminatory employment practices such as making complaints to
management; (2) "adverse action by the employer either after or
contemporaneous with the employee's protected activity"; and (3)
a causal connection between the protected activity and the
adverse action.  Moore v. Sec'y U.S. Dep't of Homeland Sec., 718
F. App'x 164, 166 (3d Cir. 2017) (quoting Daniels v. Sch. Dist.
of Phila., 776 F.3d 181, 193 (3d Cir. 2015)).

Plaintiff fails to plead any of the required elements.
Plaintiff does not allege that she engaged in a protected
activity.  Indeed, while she alleges she suffered discrimination
and harassment, she does not allege (1) she protested such
activities to management or otherwise filed complaints of
discrimination or harassment with management, and (2) facts
suggesting a causal connection between any complaints and any
adverse action.  While the Court recognizes Plaintiff filed an
EEOC complaint against Defendants, she does not allege as much
in her second amended complaint.  Even if the Court were to
spare Plaintiff of her pleading obligation, Plaintiff fails to

identify any causal connection between an adverse action and her EEOC filing.  Such pleading deficiencies require dismissal.  <u>See Moore</u>, 718 F. App'x at 166.

IV.  <u>Plaintiff's Second Amended Complaint Will Be Dismissed With Prejudice</u>

While Plaintiff has not sought leave to file a third amended complaint, at this juncture, the Court must decide whether to dismiss Plaintiff's second amended complaint with or without prejudice, and relatedly, must decide whether Plaintiff should be granted leave to file another amended pleading.

Rule 15(a) permits a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served."  After amending once, a plaintiff may amend only with leave of court or the written consent of the opposing party, but "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Supreme Court instructs that although "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules."  <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Id. (quoiting In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434; Lorenz v. CSX Corp., 1 F.3d 1406, 1413–14 (3d Cir. 1993)).  Another appropriate basis for denying leave to amend, as the Supreme Court has recognized, is "repeated failure to cure deficiencies by amendments previously allowed[.]" Foman, 371 U.S. at 182, 83 S. Ct. at 230.

Based upon the circumstances, the Court finds that granting Plaintiff leave to amend for what would now be a third time is unwarranted.  Plaintiff has exhibited a consistent inability to cure her pleading deficiencies on two prior occasions, despite substantial guidance from Judge Bumb on how to do so.  See footnote 1, supra; Foman, 371 U.S. at 182, 83 S. Ct. at 230.  As such, the Court finds it appropriate to dismiss Plaintiff's second amended complaint with prejudice, and will not grant Plaintiff leave to file any further amendments.

## CONCLUSION

For the reasons expressed above, Defendants' Motion to dismiss Plaintiff's second amended complaint (ECF No. 48) will be granted, with prejudice.  The Clerk will be ordered to close this case.

Date: April 22, 2020                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

25